NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RANDELL MARTIN GARDNER, *Appellant*.

No. 1 CA-CR 18-0481
FILED 4-25-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-117099-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Sharmila Roy, Attorney at Law, Laveen
By Sharmila Roy
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

**¶1**         This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Randell Martin Gardner was convicted of possession or use of a dangerous drug, a Class 4 felony, possession of drug paraphernalia, a Class 6 felony, and possession or use of marijuana, a Class 6 felony. Gardner's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *See State v. Clark*, 196 Ariz. 530 (App. 1999). Gardner was given an opportunity to file a supplemental brief in *propria persona*; he has not done so. Counsel now asks this Court to search the record for fundamental error. After reviewing the record, we affirm Gardner's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2**         We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Gardner. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**         Detectives encountered Gardner when serving a warrant on another person, in whose hotel room Gardner was staying. Detectives entered the hotel room and found Gardner sitting on the bed. For officer safety reasons, detectives searched the room, and, while preparing to look under the bed, a detective repositioned some clothes to prevent them from falling as she lifted the mattress. Under the clothing, the detective saw marijuana and two syringes. Another detective then asked Gardner to step outside the hotel room, read Gardner his *Miranda* rights,[1] and asked Gardner about the items. Gardner admitted that the marijuana and syringes belonged to him and that he used the syringes to inject methamphetamine. Upon search incident to arrest, the detective located methamphetamine in Gardner's right front pocket.

---

[1]         *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶4            Gardner was charged with one count of possession of dangerous drugs (methamphetamine), one count of possession of drug paraphernalia, and one count of possession of marijuana. The superior court conducted a *Donald* hearing[2] to ensure Gardner was advised of the penalties he faced if convicted.

¶5            Gardner exercised his right to a jury trial and his jury was properly composed of eight members and two alternates. The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict. The court properly denied Gardner's motion for a directed verdict and appropriately instructed the jury on the elements of the charges. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were properly administered.

¶6            The jury returned unanimous guilty verdicts on all counts and found the aggravator of a prior conviction for each count. The court received a presentence report and weighed the presented aggravating and mitigating factors.

¶7            Gardner was sentenced to concurrent, minimum sentences of eight years for possession of a dangerous drug (methamphetamine), three years for possession of drug paraphernalia (syringes), and three years for possession of marijuana, each with 34 days of presentence incarceration credit.

## DISCUSSION

¶8            We review Gardner's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). We have fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. As the record revealed, counsel represented Gardner at all stages through the end of trial, and the sentences imposed were within the statutory guidelines. We affirm Gardner's convictions and sentences.

¶9            Upon the filing of this decision, defense counsel shall inform Gardner of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Gardner shall

---

[2]         *State v. Donald*, 198 Ariz. 406 (App. 2000).

have 30 days from the date of this decision to proceed, if he desires, with a *propria persona* motion for reconsideration or petition for review.

## CONCLUSION

**¶10**    For the foregoing reasons, we affirm Gardner's convictions and sentences.

